# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 04-20384-CIV-(JORDAN/Brown)

JORGE STRUVE, CRISTIAN
MELGAREJO,

      Plaintiffs,

vs.

AUTONATION USA OF PERRINE,
INC., d/b/a AUTONATION NISSAN
OF PERRINE,

      Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant AutoNation USA of Perrine, Inc. d/b/a AutoNation Nissan of Perrine,

("AutoNation"), through undersigned counsel and pursuant to the Federal Arbitration Act, 9

U.S.C. §§ 3 and 4, moves the Court to compel arbitration of the claims raised in the Complaint

filed by Plaintiffs, Jorge Struve and Cristian Melgarejo, in this matter.[1]  AutoNation also moves

pursuant to Fed. R. Civ. P. 12(b)(1) for dismissal of Plaintiffs' Complaint and says:

## I.    INTRODUCTION.

Plaintiffs filed a two-count Complaint against AutoNation, pursuant to the Fair Labor

Standards Act  of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA").  However, both

Plaintiffs previously agreed to and signed an enforceable, pre-dispute arbitration agreement in

which they promised to arbitrate these and all such claims.  Accordingly, the Court should

---

[1]  Pursuant to Southern District of Florida Local Rule 7.1, undersigned counsel for AutoNation has conferred with Plaintiffs' counsel, in a good faith effort to resolve by agreement the issues raised in this Motion, but those issues remain unresolved.  Specifically, Plaintiffs do not oppose the motion to compel arbitration, however, they do not agree with dismissal.  (See Defendant's Local Rule 7.1 Certificate, filed contemporaneously with this Motion).

{F1220930.1}

compel Plaintiffs to arbitrate their claims rather than litigate them in this action, and dismiss this action in lieu of the required arbitration proceedings.

## II.   ARGUMENT AND MEMORANDUM OF LAW.

### A.   Factual background.

According to Plaintiffs, they began their employment with AutoNation in June of 2001 and June or July of 2002, and continue to be employed by AutoNation. (Complaint, ¶ 8). On July 12, 2002, each Plaintiff signed separate arbitration agreements with AutoNation.[2] In those agreements, Plaintiffs agreed to arbitrate the claims they now seek to litigate.

### 1.   The Arbitration Agreement signed by Plaintiffs and their promise to arbitrate the claims they now make.

In pertinent part, the arbitration agreements that Plaintiffs signed provide as follows:

> Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws and regulations) that either the Employee or the Dealership[3] . . . may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes, §§ 682.01, et seq.

*   *   *

(Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2).

---

[2] A true and correct copy of the Arbitration Agreement between Plaintiff Struve and AutoNation is attached to this Motion at **Tab 1**. A true and correct copy of the Arbitration Agreement between Plaintiff Melgarejo and AutoNation is attached to this Motion at **Tab 2**. Both agreements are in Spanish and translated versions are attached behind the signed agreements.

[3] Plaintiffs agreed in the arbitration agreement that the Dealership "includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers, (both direct and indirect), employees, and agents of the Dealership." (Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2).

{H 1226930.1}

The arbitration agreements that Plaintiffs signed cover virtually every possible claim, dispute or controversy that may be related or connected to their employment with AutoNation. By their express terms, the arbitration agreements encompass:

> any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other government dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

(Arbitration Agreement, p. 1)(at Tab 1); (at Tab 2).[4]

### 2. Plaintiffs' Complaint.

In their Complaint, Plaintiffs seek relief for two alleged FLSA violations. Specifically, Count I of Plaintiffs' Complaint seeks relief for alleged "Failure to Pay Overtime Wage" under Section 7(a) of the FLSA. Count II seeks relief for alleged "Failure to Pay Minimum Wage" under Section 6(a) of the FLSA. Plaintiffs request damages in the form of unpaid back wages, liquidated damages, and attorney's fees and costs. (Complaint ¶¶ 1, Count I unnumbered ad damnum clause, Count II unnumbered ad damnum clause).

### B. The Federal Arbitration Act.

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, applies to the arbitration agreements Plaintiffs signed with AutoNation. The FAA makes "an agreement in writing to submit to arbitration an existing controversy [ ] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "manifest[s] a 'liberal federal policy favoring arbitration agreements'." Gilmer v.

---

[4] The arbitration agreements specify that "the sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state." (Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2).

Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983)). Indeed, the purpose of the FAA is "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Green Tree Financial Corp.-Alabama v. Randolph, 530 U.S. 79, 89 (2000) (quoting Gilmer, 500 U.S. at 24).

The FAA also authorizes federal district courts, upon application of a party, to compel arbitration regarding "any issue referable to arbitration under an agreement in writing for such arbitration . . . ." 9 U.S.C. §§ 3, 4. The FAA "creates a presumption in favor of arbitrability." Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998). To exclude categories of claims from an arbitration agreement, the parties must clearly express their intent to do so in the agreement. Id. (citation omitted).

### C.   Plaintiffs should be compelled to arbitrate the FLSA claims they have raised in this action.

The United States Supreme Court has consistently "recognized that federal statutory claims can be appropriately resolved through arbitration, and [has] enforced agreements to arbitrate that involve such claims." Green Tree, 531 U.S. at 89; Gilmer 500 U.S. at 26 (stating that "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA"). "In determining whether statutory claims may be arbitrated, [the court] must first ask whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Green Tree, 531 U.S. at 90 (citing Gilmer, 500 U.S. at 26; Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)). Parties against whom an arbitration agreement is enforced carry the burden of showing that Congress intended

to preclude arbitration of a statutory claim. Gilmer, 500 U.S. at 26 (citing Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 227 (1987)).

The Eleventh Circuit has held that three requirements must be satisfied before a mandatory arbitration clause will bar litigation of a federal statutory claim pursuant to the FAA, as ruled in Gilmer. Brisentine v. Stone & Webster Engineering Corp., 117 F.3d 519, 526-27 (11th Cir. 1997). First, the employee must have agreed individually to the contract containing the arbitration clause. Second, the agreement must authorize the arbitrator to resolve federal statutory claims. Third, the agreement must give the employee the right to insist on arbitration if the federal statutory claim is not resolved to the employee's satisfaction in any grievance process the employer maintains.[5]  Id.  All of those requirements are met by the arbitration agreements that Plaintiffs signed.

### 1.    Plaintiff individually agreed to the Arbitration Agreement.

Each Plaintiff in the instant action individually agreed to the arbitration agreements. Both Plaintiffs signed a separate arbitration agreement for himself (see Tab 1; Tab 2).  The arbitration agreements were not entered into by a union on Plaintiffs' behalf as part of any collective bargaining process with AutoNation. Cf. Alexander, 415 U.S. at 52; Brisentine, 117 F.3d at 526.  Therefore, as in Gilmer, there are no concerns applicable to the instant case regarding the tension between collective representation and individual statutory rights.

---

[5] In Brisentine, the Eleventh Circuit created this three-part test to determine whether the enforceability of the arbitration agreement at issue in that case was governed by U.S. Supreme Court's decision in Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974), or the more recent Gilmer decision. The Eleventh Circuit found that the arbitration agreement in Brisentine was part of a collective bargaining agreement and that the labor arbitrator's authority did not extend to resolving statutory claims but was limited to interpreting the collective bargaining agreement. Moreover, the arbitration agreement in Brisentine did not arise under the FAA. The agreement in Brisentine was more akin to the agreement in Alexander and, therefore, unenforceable. As demonstrated herein, however, the arbitration agreements in the instant matter are essentially the same as the agreement in Gilmer. As a result, the instant case is controlled by Gilmer, and its progeny   not the Alexander line of cases.

[F:1220930.1]

**2.    The arbitration agreements authorize an impartial arbitrator to resolve the claims Plaintiffs have raised in their Complaint.**

To meet the second requirement imposed by the court in Brisentine, the arbitration agreement must "authorize the arbitrator to resolve federal statutory claims." Id. Significantly, however, an arbitration agreement need not list every federal or state statute it purports to cover. Paladino, 134 F.3d at 1059 (per opinion of Hatchett, Chief Judge). To fall within the ambit of the FAA, an arbitration agreement that purports to cover statutory claims simply must contain terms that "generally and fairly inform the signatories that it covers statutory claims" and the agreement's terms regarding remedies "must be fully consistent with the purposes underlying any statutory claims subject to arbitration." Id. (citing Gilmer, 500 U.S. at 26).

**(a)    The arbitration agreements generally and fairly informed Plaintiffs that their claims are covered by their promise to arbitrate.**

Here, the arbitration agreements Plaintiffs signed clearly, "generally" and "fairly" informed them that the statutory claims they asserted in their Complaint were covered by their promise to arbitrate. The arbitration agreements tell Plaintiffs that:

> Because of the mutual benefits . . . which *private binding arbitration* can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy . . . that either the Employee or the Dealership may have against the other *shall be* submitted and determined *exclusively by binding arbitration under the Federal Arbitration Act.*

(Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2) (emphasis added). Further, the provision requiring arbitration of claims says the agreement:

> specifically includes any claim, dispute or controversy, including class action claims . . . arising from, related to, or having any relationship or connection whatsoever with Employee . . . employment by . . . Dealership, whether based on tort, contract, *statutory*, or equitable law, or otherwise.

{H 1220930.1}

(Arbitration Agreement, p. 1)(at Tab 1); (at Tab 2) (emphasis added). It is undeniable that the arbitration agreements "generally" and "fairly" indicate that arbitration is the sole forum for determination of Plaintiffs' current FLSA claims.

>   **(b)     The Arbitration Agreements are fully consistent with the purposes underlying the FLSA.**

Additionally, the arbitration agreements are fully consistent with the remedial purposes underlying the FLSA. More specifically, the arbitration agreements make clear that "[r]esolution shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of 'just cause') other than such controlling law." (Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2). In other words, the arbitration agreements require the arbitrator to apply the substantive federal and/or state law applicable to the claims asserted; in this case, the FLSA.

The arbitration agreements further empower and instruct the impartial arbitrator to "observe the rules of procedure, evidence and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided that they allow the parties to prosecute or defend their respective claims and defenses." (Arbitration Agreement, p. 1) (at Tab 1); (at Tab 2). Thus, the arbitration agreements fully empower the arbitrator to enforce the remedial provisions of the FLSA according to the principles and provisions of that statute and in the same manner as a federal court. As such, the arbitration agreements here are entirely different from those at issue in Alexander and Brisentine which did not authorize the arbitrator to resolve statutory claims but limited his authority to interpreting and applying the contractual terms of the collective bargaining agreements. Cf. Alexander, 415 U.S. at 56-57; Brisentine, 117 F.3d at 523-24. For that reason, the arbitration agreements between AutoNation and Plaintiffs are more like the agreement in Gilmer. See Gilmer, 500 U.S. at 33-35

(distinguishing the arbitration agreements from the agreement in <u>Alexander</u>).  Enforcement of the arbitration agreements in the instant case is clearly warranted.

      **3.     The arbitration agreements give Plaintiffs the reciprocal right to insist on arbitration.**

The third <u>Brisentine</u> requirement is met here as well:  the arbitration agreements Plaintiffs signed gives them "the right to insist on arbitration if the federal statutory claim is not resolved to [their] satisfaction in any grievance process."  117 F.3d at 526-527.  The arbitration agreements give Plaintiffs the reciprocal right to insist upon arbitration.  The agreements provide for arbitration of "any claim . . . that <u>either</u> the Employee or Dealership . . . may have against each other."  The required mutuality exists.  Albert v. National Cash <u>Register Co.</u>, 874 F.Supp. 1328, 1332 (S.D. Fla. 1994).[6]  Consequently, the enforceability of the arbitration agreements Plaintiffs signed are governed by the rule set forth in <u>Gilmer</u>.

      **4.     Under <u>Gilmer</u>, Plaintiffs should be compelled to arbitrate their FLSA claims, and the instant action should be dismissed.**

The arbitration agreements here are enforceable and Plaintiffs should be compelled to arbitrate their claims.  <u>Gilmer</u>, 500 U.S. at 26, 33-35.  The arbitration agreements clearly indicate the parties' intention to arbitrate the claims asserted in Plaintiffs' Complaint.  Moreover, Plaintiffs cannot satisfy their burden in demonstrating a congressional intent to preclude arbitration of FLSA claims.  "[T]here is nothing in the FLSA's text or legislative history supporting th[e] assertion [that the statute precludes arbitration]."  Carter <u>v. Countrywide</u> Credit Industries, Inc., --F.3d --, 2004 WL 414072, *2 (5th Cir. March 5, 2004) (citing Kuehner v. Dickinson & Co., 84 F.3d 316, 319-20 (9th Cir. 1996) (finding no evidence that Congress intended to preclude

---

[6] There is no requirement that Plaintiffs exhaust any internal grievance process at AutoNation, nor any limitation on Plaintiffs' ability to seek arbitration of any claims they have which arise from their employment at AutoNation or the termination of that employment.

arbitration of FLSA claims in the text or legislative history of the statute); Adkins v. Labor Ready, Inc., 303 F.3d 496, 506 (4th Cir. 2002) (holding that FLSA claims are arbitrable)). See also, Bailey v. Ameriquest Mortgage Co., 346 F.3d 821, 822-23 (8th Cir. 2003) (ruling that FLSA claims are subject to arbitration under the FAA). This Court has already found that FLSA claims may be properly submitted to arbitration. Chapman v. Lehman Brothers, Inc., 279 F. Supp. 2d 1286 (S.D. Fla. Aug. 26, 2003).

Finally, Plaintiffs' Complaint should be dismissed for lack of jurisdiction rather than stayed. Plaintiffs' assert two FLSA violations, both of which are subject to arbitration pursuant to the arbitration agreements. While the FAA allows for a stay of an action pending arbitration, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis in original) (citing Sea-Land Service, Inc. v. Sea-Land of P.R., Inc., 636 F. Supp. 750, 757 (D. Puerto Rico 1986); Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal)). Indeed, "[w]hen all issues raised in an action are arbitrable and must be arbitrated, retaining jurisdiction and staying an action will serve no purpose." Reynolds v. Halliburton Co., 217 F. Supp. 2d 756, 758 (E.D. Tx. 2002). Accordingly, this Court should compel Plaintiffs to arbitrate their claims and dismiss this action. Chapman, 279 F. Supp. 2d at 1290 (dismissing action pursuant to Fed.R.Civ.P. 12(b)(1) upon compelling arbitration of FLSA claims); Poteat v. Rich Products Corp., 2004 WL 119363, *3 (4th Cir. Jan. 23, 2004) (vacating district court's order denying motion to compel arbitration of FLSA claims and remanding with instructions to grant motion to compel and dismiss the action).

## III.    <u>CONCLUSION.</u>

Plaintiffs signed enforceable arbitration agreements with AutoNation in which they promised to arbitrate – rather than litigate – the FLSA claims they now raise in their Complaint. The Federal Arbitration Act empowers the Court to compel Plaintiffs to arbitrate those claims. Further, because all of Plaintiffs' claims are subject to arbitration, the instant action should be dismissed.

WHEREFORE, AutoNation, requests that this Court enter an Order:   1) compelling Plaintiffs, should they wish to pursue the claims raised in this action, to do so by filing a demand for arbitration with the American Arbitration Association; 2) dismissing this action with prejudice; and 3) ordering such other and further relief as the Court deems appropriate.[7]

Respectfully submitted,

AKERMAN SENTERFITT
Attorneys for Defendant AutoNation
Las Olas Centre II
350 East Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301
Telephone:  (954) 463-2700
Telefax: (954) 463-2224
Email: jstage@akerman.com
Email: egabrielle@akerman.com

By:

Jon K. Stage
Florida Bar No. 779430
Eric K. Gabrielle
Florida Bar No. 160725

---

[7] A proposed Order granting this Motion is attached to this Motion at **Tab 4**.  AutoNation submits that the statutes of limitation governing Plaintiffs' claims may be tolled for a reasonable period (e.g., 30 days) after the Court's Order is entered, to permit Plaintiffs to file an arbitration claim.

{FT220930.1}

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via regular United States mail to: Jeffrey P. Manners, Esq., Jeffrey P. Manners, P.A., Attorneys for Plaintiffs, 9100 South Dadeland Boulevard, Penthouse I, Suite 1702, Miami, Florida 33156-7814, this 5th day of April, 2004.

AKERMAN SENTERFITT
Attorneys for Defendant
Las Olas Centre II   Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Telefax: (954) 463-2224
Email: jstage@akerman.com
Email: egabrielle@akerman.com

By:

Jon K. Stage
Florida Bar No. 779430
Eric K. Gabrielle
Florida Bar No. 160725

{FI1226930;1}

11

# **TAB 1**

## CONVENIO DE ARBITRAJE

**Disputas de Arbitraje.** Ambos el Empleado y la Casa Distribuidora reconocen que la Casa Distribuidora promueve un sistema de resolución alternativa de disputas que envuelve arbitraje enlazante para resolver todas las disputas que puedan surgir del contexto del empleo. Por los beneficios mutuos (como gastos reducidos y aumento de eficiencia) los cuales arbitraje enlazante pueden proveer ambos el Empleado y la Casa Distribuidora, ambos la Casa Distribuidora y el Empleado acuerdan que cualquier reclamo, disputa, y/o controversia (incluyendo, pero no limitado a, cualquier reclamo de discriminación y hostigamiento, sean basados en el Acta de los Derechos Civiles de Florida, el Título VII del Acta de los Derechos Civiles de 1964, según enmendado, así como todas las demás leyes federales o estatales o regulaciones) que el Empleado o la Casa Distribuidora (lo cual el Empleado acuerda incluye sin limitación cualquiera y todas entidades matrizes, subsidiarias o afiliadas, y todos los dueños, directores, oficiales, gerentes (ambos directos o indirectos), empleados, y agentes respectivos de la Casa Distribuidora) puedan tener contra el otro tiene que ser sometido a y determinado exclusivamente por el arbitraje enlazante bajo el Acta Federal de Arbitraje, en conformidad con los procedimientos del Estado de Florida §§ 682.01 et seq. Esto incluye específicamente cualquier reclamo, disputa, o controversia, incluyendo reclamos de acción de clase, los cuales de otra manera requieren o permiten recurrir a cualquier corte u otro foro gubernamental de resolución de disputa surgiendo de, relacionado a, o teniendo cualquier relación o conexión de alguna manera con la búsqueda de empleo del Empleado con, empleo por, despido de empleo, u otra asociación con la Casa Distribuidora, sea basada en perjuicio, contrato, ley equitativa, estatal, o de otra forma.

**Excepción de Reclamos del Arbitraje Enzalante.** Las solas excepciones a la provisión mandatoria de arbitraje son reclamos que surgen bajo el Acta Nacional de Relaciones Laborales, reclamos por beneficios médicos y de incapacidad bajo la Compensación de Trabajadores, y reclamos de Compensación de Desempleo radicados bajo el estado. Sin embargo, nada aquí puede prevenir al Empleado de radicar y proseguir procedimientos administrativos solamente ante la Comisión de Oportunidad Equitativa de Empleo de E.U. o una agencia estatal equivalente.

**Reglas de Arbitraje.** En adición a los requisitos impuestos por la ley, cualquier árbitro aquí tiene que ser un juez estatal o federal retirado, u otro individuo similarmente cualificado con experiencia de arbitraje mutuamente en acuerdo por ambos partidos, y tiene que estar sujeto a descualificación en las mismas bases según le aplica a un juez de dicha corte. El árbitro tiene que observar las reglas del procedimiento, evidencia, y el descubrimiento aplicable en casos civiles que están pendientes en la corte estatal o federal, u otras dichas reglas según las designe el árbitro, provisto que le permitan a los partidos a proseguir o defender sus reclamos y defensas respectivas. La resolución de la disputa tiene que ser basada solamente en la ley gobernando los reclamos y las defensas expuestas en las alegaciones y el árbitro no puede invocar ninguna base (incluyendo pero no limitado a, nociones de "causa justa") aparte de dicha ley controladora. El árbitro tiene la inmunidad de un oficial judicial de responsabilidad civil cuando actúa en

capacidad de árbitro, cuya inmunidad suplementa cualquier otra inmunidad existente. De la misma manera, todas las comunicaciones durante o en conexión con los procedimientos de arbitraje son privilegiados. Según requerido razonablemente para permitir el uso y el beneficio completo de este convenio, el árbitro tiene que extender el tiempo expuesto para enviar notificaciones o programar audiencias. Las decisiones tienen que incluir la opinión razonada por escrito del árbitro, y será final y enlazante para los partidos.

**Relevo De Juicio Con Jurado.** EL EMPLEADO Y LA CASA DISTRIBUIDORA ENTIENDEN QUE AL ENTRAR VOLUNTARIAMENTE A ESTA PROVISIÓN DE ARBITRAJE ENLAZANTE, AMBOS RENUNCIAN A SU DERECHO DE TENER UN JUICIO CON JURADO DE CUALQUIER RECLAMO QUE CUALQUIERA PUEDA TENER CONTRA EL OTRO.

**Separación.** Si cualquier término o provisión, o una porción de ésta, sea declarada nula o no enforzable tiene que ser separada o cortada y el resto de este convenio tiene que ser enforzable.

**Convenio Exclusivo.** Es además acordado y entendido que cualquier convenio contrario al presente tiene que ser entrado a, por escrito, por el Gerente General de la Casa Distribuidora. Ningún supervisor o representante de la Casa Distribuidora, aparte del Gerente General de la Casa Distribuidora, tiene ninguna autoridad de entrar en ningún convenio para empleo por ningún periodo específico de tiempo o hacer cualquier convenio contrario a las provisiones de arbitraje presentes. Presentaciones orales hechas antes o después que usted es empleado no alteran este convenio.

**Convenio Entero.** Este es el convenio entero entre la Casa Distribuidora y el Empleado sobre la resolución de disputas y este convenio supercede cualquier y todos los convenios previos sobre este tema.

MI FIRMA ABAJO ATESTA AL HECHO QUE HE LEÍDO, ENTENDIDO, Y ESTOY DE ACUERDO A LEGALMENTE COMPROMETERME A TODOS LOS TÉRMINOS DE ARRIBA.

Firmado en _Miami_, Florida, hoy _12_ de _Julio_ del 20_02_.

_Firma del Empleado_

Nombre de la Casa Distribuidora

_Jorge Struve_

Imprima Nombre (Empleado)

Por el Gerente General

## ARBITRATION AGREEMENT

**Arbitration of Disputes.**  Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context.  Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes §§ 682.01 et seq.  This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.**  The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state.  However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.**  In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court.  The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses.  Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law.  The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity

of an arbitrator, which immunity supplements any other existing immunity.  Likewise, all communications during or in connection with the arbitration proceedings are privileged.  As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings.  Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial.  EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

**Severability.**  Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement**.  It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions.  Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.**  This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.**

Signed at _____, Florida, this ____ day of _____, 2002

_____
Employee's Signature

_____
Dealership Name

_____
Print Name (Employee)

_____
By General Manager

## <u>TAB 2</u>

## CONVENIO DE ARBITRAJE

**Disputas de Arbitraje.**   Ambos el Empleado y la Casa Distribuidora reconocen que la Casa Distribuidora promueve un sistema de resolución alternativa de disputas que envuelve arbitraje enlazante para resolver todas las disputas que puedan surgir del contexto del empleo. Por los beneficios mutuos (como gastos reducidos y aumento de eficiencia) los cuales arbitraje enlazante pueden proveer ambos el Empleado y la Casa Distribuidora, ambos la Casa Distribuidora y el Empleado acuerdan que cualquier reclamo, disputa, y/o controversia (incluyendo, pero no limitado a, cualquier reclamo de discriminación y hostigamiento, sean basados en el Acta de los Derechos Civiles de Florida, el Título VII del Acta de los Derechos Civiles de 1964, según enmendado, así como todas las demás leyes federales o estatales o regulaciones) que el Empleado o la Casa Distribuidora (lo cual el Empleado acuerda incluye sin limitación cualquiera y todas entidades matrizes, subsidiarias o afiliadas, y todos los dueños, directores, oficiales, gerentes (ambos directos o indirectos), empleados, y agentes respectivos de la Casa Distribuidora) puedan tener contra el otro tiene que ser sometido a y determinado exclusivamente por el arbitraje enlazante bajo el Acta Federal de Arbitraje, en conformidad con los procedimientos del Estado de Florida §§ 682.01 et seq.   Esto incluye específicamente cualquier reclamo, disputa, o controversia, incluyendo reclamos de acción de clase, los cuales de otra manera requieren o permiten recurrir a cualquier corte u otro foro gubernamental de resolución de disputa surgiendo de, relacionado a, o teniendo cualquier relación o conexión de alguna manera con la búsqueda de empleo del Empleado con, empleo por, despido de empleo, u otra asociación con la Casa Distribuidora, sea basada en perjuicio, contrato, ley equitativa, estatal, o de otra forma.

**Excepción de Reclamos del Arbitraje Enzalante.**   Las solas excepciones a la provisión mandatoria de arbitraje son reclamos que surgen bajo el Acta Nacional de Relaciones Laborales, reclamos por beneficios médicos y de incapacidad bajo la Compensación de Trabajadores, y reclamos de Compensación de Desempleo radicados bajo el estado.  Sin embargo, nada aquí puede prevenir al Empleado  de radicar y proseguir procedimientos administrativos solamente ante la Comisión de Oportunidad Equitativa de Empleo de E.U. o una agencia estatal equivalente.

**Reglas de Arbitraje.**  En adición a los requisitos impuestos por la ley, cualquier árbitro aquí tiene que ser un juez estatal o federal retirado, u otro individuo similarmente cualificado con experiencia de arbitraje mutuamente en acuerdo por ambos partidos, y tiene que estar sujeto a descualificación en las mismas bases según  le aplica a un juez de dicha corte. El árbitro tiene que observar las reglas del procedimiento, evidencia, y el descubrimiento aplicable en casos civiles que están pendientes en la corte estatal o federal, u otras dichas reglas según las designe el árbitro, provisto que le permitan a los partidos a proseguir o defender sus reclamos y defensas respectivas. La resolución de la disputa tiene que ser basada solamente en la ley gobernando los reclamos y las defensas expuestas en las alegaciones y el árbitro no puede invocar ninguna base (incluyendo pero no limitado a, nociones de "causa justa") aparte de dicha ley controladora. El árbitro tiene la inmunidad de un oficial judicial de responsabilidad civil cuando actúa en

capacidad de árbitro, cuya inmunidad suplementa cualquier otra inmunidad existente. De la misma manera, todas las comunicaciones durante o en conexión con los procedimientos de arbitraje son privilegiados. Según requerido razonablemente para permitir el uso y el beneficio completo de este convenio, el árbitro tiene que extender el tiempo expuesto para enviar notificaciones o programar audiencias. Las decisiones tienen que incluir la opinión razonada por escrito del árbitro, y será final y enlazante para los partidos.

**Relevo De Juicio Con Jurado.** EL EMPLEADO Y LA CASA DISTRIBUIDORA ENTIENDEN QUE AL ENTRAR VOLUNTARIAMENTE A ESTA PROVISIÓN DE ARBITRAJE ENLAZANTE, AMBOS RENUNCIAN A SU DERECHO DE TENER UN JUICIO CON JURADO DE CUALQUIER RECLAMO QUE CUALQUIERA PUEDA TENER CONTRA EL OTRO.

**Separación.** Si cualquier término o provisión, o una porción de ésta, sea declarada nula o no enforzable tiene que ser separada o cortada y el resto de este convenio tiene que ser enforzable.

**Convenio Exclusivo.** Es además acordado y entendido que cualquier convenio contrario al presente tiene que ser entrado a, por escrito, por el Gerente General de la Casa Distribuidora. Ningún supervisor o representante de la Casa Distribuidora, aparte del Gerente General de la Casa Distribuidora, tiene ninguna autoridad de entrar en ningún convenio para empleo por ningún período específico de tiempo o hacer cualquier convenio contrario a las provisiones de arbitraje presentes. Presentaciones orales hechas antes o después que usted es empleado no alteran este convenio.

**Convenio Entero.** Este es el convenio entero entre la Casa Distribuidora y el Empleado sobre la resolución de disputas y este convenio supercede cualquier y todos los convenios previos sobre este tema.

MI FIRMA ABAJO ATESTA AL HECHO QUE HE LEÍDO, ENTENDIDO, Y ESTOY DE ACUERDO A LEGALMENTE COMPROMETERME A TODOS LOS TÉRMINOS DE ARRIBA.

Firmado en _MiAMi_, Florida, hoy _12_ de _Jilo_ del 20 _02_

_(firma)_
Firma del Empleado

_(firma)_ CastiaN S. MelgaeEjo
Imprima Nombre (Empleado)

_____
Nombre de la Casa Distribuidora

_____
Por el Gerente General

## ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes §§ 682.01 et seq. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state. However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses. Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity

of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial. EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement**. It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions. Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.** This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.**

Signed at _____, Florida, this ____ day of _____, 2002

_____                 _____
Employee's Signature                              Dealership Name


_____                 _____
Print Name (Employee)                          By General Manager

## TAB 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 04-20384-CIV-(JORDAN/Brown)

JORGE STRUVE, CRISTIAN
MELGAREJO,

      Plaintiffs,

vs.

AUTONATION USA OF PERRINE,
INC., d/b/a AUTONATION NISSAN
OF PERRINE,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND DISMISS COMPLAINT

THIS MATTER is before the Court upon the Motion to Compel Arbitration and Dismiss
Complaint filed by the Defendant AutoNation USA of Perrine, Inc. d/b/a AutoNation Nissan of
Perrine (DE ____). The Court has carefully considered the written submissions of the parties
and the entire Court file, and is otherwise fully advised in the premises.

Plaintiffs, Jorge Struve and Cristian Melgarejo, commenced the instant action by filing a
Complaint seeking relief pursuant to the Fair Labor Standards Act ("FLSA").

On July 2, 2002, each of the Plaintiffs signed an enforceable, pre-dispute arbitration
agreement in which they promised to arbitrate:

> any claim, dispute, or controversy, including class action claims,
> which would otherwise require or allow resort to any court or other
> government dispute resolution forum arising from, related to, or
> having any relationship or connection whatsoever with Employee's
> seeking employment with, employment by, termination of
> employment, or other association with the Dealership, whether
> based on tort, contract, statutory, or equitable law, or otherwise.

(Arbitration Agreement, p. 1).

{H220842.1}

1

In the instant Motion, Defendant asserts that, by virtue of Plaintiffs' agreements, the dispute between the parties is subject to compulsory arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

The Court agrees, and concludes that the instant matter is one properly in which arbitration according to the arbitration agreements should be compelled, and further concludes that the instant action shall be dismissed with prejudice because all the issues raised by Plaintiffs' Complaint are subject to compulsory arbitration provisions of the arbitration agreements. Accordingly, after due consideration, it is:

**ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion to Compel Arbitration is **GRANTED.**

2.    Plaintiffs are directed, should they wish to pursue their claims through arbitration, to file the appropriate papers pursuant to the arbitration agreements.  The Court orders that the statutes of limitations governing Plaintiffs' claims shall be tolled for thirty (30) days from the date of this Order.

3.    This action is hereby **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers in Miami, Miami-Dade County, Florida, this _____ day of April, 2004.

_____
**ADALBERTO JORDAN**
United States District Judge

**copies furnished to:**
Jeffrey P. Manners, Esq., *for Plaintiffs*
Jeffrey P. Manners, P.A.
9100 S. Dadeland Boulevard, Suite 1702
Miami, FL  33156-7814
Fax:  (305) 670-5077

Jon K. Stage, Esq., *for Defendant*
Akerman Senterfitt
Las Olas Center II
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301
Fax:  (954) 463-2224